# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

RONALD CHRISTOPHER FAIRCHILD                                 PLAINTIFF

v.                                              CIVIL ACTION NO. 5:14-CV-P126-R

STEVE L. BESHEAR et al.                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Ronald Christopher Fairchild, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who is now incarcerated at the Roederer Correctional Complex, sues in their official capacities Governor Steve L. Beshear and Ricky Parnell, jailer at the Fulton County Detention Center (FCDC). Apparently, in the past, Plaintiff was incarcerated at FCDC. He alleges, *in toto*:

> "Poor Living Conditions" also, "They don't have any" evacuation instruction posted for staff or inmates in case of fire," They have "Mold" growing in cell 105 and all they did was paint over it. No access to a "Law Library." They have "No Grievance Process." Keeping the Cell 105 so cold it hurts. [illeg] a (Class A and B) for more than 45 days at a Class D I was there for 10½ months. The Officer at [FCDC] threat to have you assaulted by "Inmates" or "Officers", if you write "DOC" or any officials of federal government. Officers would come into . . . Cell 105 and make threats" to hurt and beat the living hell out of us just for fun. And put you in "Segregation" untill we would heal. One Officer come into Cell 105 and put a "Tazor" on the table in the living area and walked away from it said I don't need this. I can kick all your asses.
>     Not getting proper[] "Excerise". Maybe once a week for 1 hour, "Poor Medical Staff";
> No hot Meals on weekend.

> They take 20% of your "Money" everytime ar a DOC inmate.
> In shake downs the Officer would intentially take or dest[ro]y your
> property if you made them mad. There are no programs you can get
> in at FCDC unless your Classified.

As relief, Plaintiff asks for monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff does not allege that any of Defendants' action affected him personally. All of Plaintiff's complaints are generalized. He does not allege any actual harm to himself, and "[a] speculative injury does not vest a plaintiff with standing." *King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir. Aug. 8, 2000).

Even were the Court to assume that Plaintiff is alleging that Defendants' alleged actions were directed at him, Plaintiff has not alleged any physical harm. Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Plaintiff has not alleged any physical injury to himself. Without the showing of some physical injury, which is more than *de minimis*, associated with his claims, Plaintiff's action fails. *See Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding plaintiff's claim that he was uncomfortable after being sprayed with pepper spray precluded by 42 U.S.C. § 1997e(e) since he failed to show more than a *de minimis* injury); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching" since plaintiff "suffered at most only de minimis physical injury"); *Tribe v. Snipes*, 19 F. App'x 325, 326 (6th Cir. 2001) (finding plaintiff's claim that the defendants placed him under tremendous stress by keeping him in a housing unit with inmates who threatened him did not state a sufficient injury to satisfy § 1997e); *Pryor v. Cox*, No. 97-3912, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (finding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless); *see also Catanzaro v. Mich. Dep't of Corr.*, No. 08-11173, 2009 WL 2154921, at *4 (E.D. Mich. July 14, 2009) ("[W]hile the plaintiffs make generalized claims about unsanitary prison kitchen conditions, and assert that these conditions are likely to cause the spread of communicable diseases, they do not themselves establish that, as a result of allegedly unconstitutional prison

3

conditions, they have been injured .").  The Court finds, therefore, that Plaintiff has failed to state a claim against either Defendant.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
4413.009